# In the United States Court of Federal Claims

No. 21-1506C
Filed: August 9, 2021

---

**DENNIS L. MAXBERRY,**

    *Plaintiff*,

v.

**THE UNITED STATES,**

    *Defendant*.

---

*Dennis L. Maxberry*, Chippewa Falls, WI, *pro se*.

*Mariana Teresa Acevedo*, United States Department of Justice, Washington, DC, for Defendant.

## ORDER

**TAPP, Judge.**

    Proceeding *pro se*, Plaintiff Dennis L. Maxberry ("Mr. Maxberry"), seeks redress from this court for "Aggravated Identity Theft." (Compl., ECF No. 1). Along with his Complaint, Mr. Maxberry filed an application to proceed *in forma pauperis*, (IFP Mot., ECF No. 2). *See* 28 U.S.C. § 1915. On July 13, 2021, the Court denied the IFP motion, detailing Mr. Maxberry's history of abusing that privilege. (ECF No. 9, at 2). As a result, Mr. Maxberry was ordered to pay the required $402 filing fee by July 27, 2021. (ECF No. 9). Mr. Maxberry failed to meet this deadline and his latest submissions to this Court have been defective.[1] Because the Court finds that it lacks subject-matter jurisdiction over the claims stated in Mr. Maxberry's Complaint, and because Mr. Maxberry has failed to comply with an order directing him to pay the filing fee, the Court must dismiss this case for lack of subject-matter jurisdiction, RCFC 12(h)(3), and failure to prosecute, RCFC 41(b).

### I.   Background

    Mr. Maxberry claims that the events surrounding his discharge from the United States Army constituted a violation of 18 U.S.C. § 1028A. Section 1028A criminalizes the act of knowingly transferring, possessing, or using, without lawful authority, "a means of identification of another person." How the disjointed incidents described in Mr. Maxberry's self-narrated

---

[1] The clerk's office has marked the letters and memos received from Mr. Maxberry as defective because no provision in the Court's rules allowed for such filings.

Complaint relate to the conduct described in § 1028A is less clear. The Complaint, through fractured paragraphs, incomplete sentences, and slippery timelines, evokes the 1974 Speedy Trial Act, personal family disputes, "PTSD and Brainwashing techniques," and a sundry other incidents. (Compl.) At times it seeks to implicate the Boy Scouts, at others the officers involved in the Iran Contra Affair. (*Id*. at 2, 6). Having examined the tangled threads of Mr. Maxberry's Complaint the Court can hold that all allegations included in the Complaint, even if held true and properly founded, would be beyond the jurisdiction of this Court.

## II.   Analysis

### A.   Lack of Subject-Matter Jurisdiction

Determining the court's jurisdiction over the claim is a threshold inquiry in every case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The Court of Federal Claims' jurisdiction is defined by the Tucker Act as extending to claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon and express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not create a substantive right enforceable against the United States; it merely opens the door for those plaintiffs that can adequality identify and plead their claim in connection with a separate substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). The plaintiff bears the burden of establishing the court's subject-matter jurisdiction. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010). In considering whether the court has jurisdiction over a claim, the court will take the undisputed facts alleged in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If this Court determines, at any time, that it lacks subject-matter jurisdiction, it "must dismiss the action." RCFC 12(h)(3). Although *pro se* litigants are not relieved from the burden of meeting the court's jurisdictional requirements, *pro se* complaints, "however inartfully pleaded" must be held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kener*, 404 U.S. 519, 520-21 (1972)). Even under this less-stringent standard applicable to *pro se* plaintiffs, the Court lacks subject-matter jurisdiction here.

Mr. Maxberry's claim must be dismissed for lack of subject-matter jurisdiction because 18 U.S.C. § 1028A cannot be interpreted as "mandating compensation by the Federal Government." The Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *Carter v. United States*, No. 20-1452, 2020 WL 8474618, at *2 (Fed. Cir. 2020) (finding that claims sounding in tort or criminal conduct are outside the Court of Federal Claims' jurisdiction); *see also* RCFC 12(h)(3).

### B.   Failure to Prosecute

RCFC 77.1(c) mandates prepayment of certain fees for appearing before the Court. This includes the filing fee of $402.00 for filing a complaint or petition.  U.S. Court of Federal Claims, *Schedule of Fees* (May 26, 2021), http://www.uscfc.uscourts.gov/fee-schedule (last visited Aug. 5, 2021). In certain circumstances, the Court can, but is not required to, allow a party "to proceed without paying the requisite fees if 'the person is unable to pay such fees or give security therefor.'" *Chamberlain v. United States*, 655 Fed. App'x 822, 825 (Fed. Cir. 2016)

(quoting 28 U.S.C. § 1915(a)(1)). Should the Court find that a party before it *is* obligated to pay the requisite fees, as the Court did here, failure to respond to the Court's orders to pay such fees constitutes adequate grounds for dismissing the claim for failure to prosecute. RCFC 41(b).

On July 13, 2021, the Court issued an order denying Mr. Maxberry's IFP motion and requiring him to submit the Court's $402 filing fee by July 27. (ECF No. 9). In doing so, the Court paid special attention to Mr. Maxberry's history of initiating cases on unsound claims, including the fact that Mr. Maxberry was previously fined by the Seventh Circuit to the amount of $1,000 for pursuing a "frivolous appeal." *Maxberry v. Keller Graduate Sch. of Mgmtt*, Nos. 14-1231 & 14-1232, 2014 U.S. App. LEXIS 15970, *1 (11th Cir. Apr. 17, 2014). Even Mr. Maxberry's other untimely and defective communications with the Court, seeming to indicate Mr. Maxberry's intentions to seek further financial assistance for payment of fees or an extension of time, fail to convince the Court that Mr. Maxberry can pursue this litigation diligently. *Kadin Corp. v. United States*, 782 F.2d 175, 176-77 (Fed. Cir. 1986) (finding that even though "dismissal is a harsh sanction," it is the correct respond to "disregard for the rules and regulations of the court"). The Court notes that Mr. Maxberry's case would still be dismissed for lack of subject-matter jurisdiction, even if he had paid the requisite fees. Therefore, the Court is not inclined to review any additional filings from Mr. Maxberry that are not in compliance with this Court's rules and regulations. Given Mr. Mabxerry's history, interests of justice dictates that this case be closed before Mr. Maxberry is mired further in financial difficulty in pursuit of yet another improper claim. The Court declines to exacerbate this situation further by enlarging the time for Mr. Maxberry to marshal his financial resources only to squander them on a claim the Court lacks authority to adjudicate.

### III.   Conclusion

For the stated reasons, this case must be **DISMISSED** for lack of subject-matter jurisdiction, under RCFC 12(h)(3) and for failure to prosecute and disobedience of the Court's Orders under RCFC 41(b). The Clerk's Office is directed to enter judgment accordingly and to **REJECT** any future filings received in this matter from the plaintiff that are not in compliance with the Court's rules.

**IT IS SO ORDERED.**



*David A. Tapp*
DAVID A. TAPP, Judge